In the Matter of the Claim of DELBERT BRINK, Respondent, against COMSTOCK CANNING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant was a laborer employed by the appellant and it is not in dispute that on November 9, 1948, he fell and suffered an injury in the course of his employment. The single question here is whether there is substantial evidence to support the finding of the board that the injury and its " resultant consequences and effects " caused a disability from November 9, 1948, to

December 29, 1948. There is no direct medical opinion of disability expressed in the record; but when the record is viewed cumulatively and in its entirety, the evidence provides a foundation for the award. The employer's report of injury, dated November 18, 1948, was that claimant had a "rib injury" and that it provided "medical care" on November 16, 1948, seven days after the accident. In this report, made nine days after the accident, the employer answered the question of "Probable length of disability" with a question mark, which is an admission of the existence then (November 18) of the disability and of its continuance. On November 16th, the attending physician reported to the board the clinical symptoms of claimant, and that he was sending him to have X ray "to determine extent of injury". The question whether claimant was working was answered in the negative, and the question whether claimant was "able" to work was left unanswered, but the question immediately following these was that if the patient is not working, "and is unable to work, state probable duration of disability". This was answered "Unknown" and in so answering, the physician adopted the conclusion of an inability to work at that time. On December 9th, one month after the accident, the attending physician filed a further report with the board in which he stated that the X-ray examination showed a fracture of the eighth and ninth ribs. To the question whether claimant's "present disability" (December 9th) was the result of the accident, the physician answered in the cryptic phrase, "His word first", which seems to be an affirmative statement of disability and to attribute the cause to claimant's account of accident, which is not itself an issue here. To the question on what date claimant "will be able" to work, the physician said "Don't know", which is clearly an expression of opinion that on December 9th he was not able to work. On April 19, 1949, over five months after the accident, another physician reported he was "still treating" claimant; that he was giving medication "for pain" and that claimant was "Improving". He also answered that "the present disability" was due to the accident. The further question in that report, when claimant "will be" able to resume his work, resulted in a factual and nonmedical conclusion that there was "no lost time". On December 29, 1948, fifty days after the accident, a third physician examined claimant and, stating the claimant had "some" fractured ribs, added that the "chest was strapped about 3–4 weeks". He continued that "He still complains of some soreness in his chest on coughing". In the "area of injury" he said a "Slight irregularity can be palpated". He reached the conclusion that he has had adequate time "to become asymptomatic", and that he then (December 29th) "has no disability". On the same day, X-ray examination showed changes present consistent with the fractures previously found. All this is reasonably corroborative of the claimant's affidavit that he "was disabled" from November 9th to January 15th, and with his testimony to similar effect. The medical proof sufficiently tends to support the claimant's sworn statements of his disability, to the extent, at least, of the period for which the award was made. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.